J-S27015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE J. JOHNSON, | |
| Appellant | No. 1392 MDA 2015 |

Appeal from the Judgment of Sentence March 13, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004392-2010

BEFORE:  SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                          **FILED MAY 10, 2016**

Appellant, Andre J. Johnson, appeals from the judgment of sentence entered on March 13, 2015, following the revocation of his probation. We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

Appellant was charged in June 2010, with indecent assault of a person less than 16 years of age and corruption of minors. He pled guilty and was sentenced on December 21, 2010. His initial sentence was as follows:

- Count 1: 23 months of county probation[.]

- Count 2: 23 months of county probation concurrent with Count 1.

---

[*] Former Justice specially assigned to the Superior Court.

- Fines and costs on both.

Subsequently, Appellant was revoked on April 26, 2011. At that hearing his sentence was as follows:

- Count 1: 24 months of Intermediate Punishment. First 3 months Work Release.

- Count 2: 24 months of Intermediate Punishment. First 3 months Work Release. Concurrent with Count 1.

- Time credit for March 1, 2011 to April 26, 2011.

On March 13, 2012, Appellant was revoked for a second time. His sentence was as follows:

- Count 1: 18 months of Intermediate Punishment with the first 8 months in Work Release. No Contact with 16 year old girl.

- Count 2: 18 months of Intermediate Punishment concurrent with Count 1.

- Time credit for April 26, 2011 to July 26, 2011 and January 10, 2012 to March 13, 2012.

On June 7, 2013, Appellant was revoked for a third time. His sentence was as follows:

- Count 1: 24 months intermediate punishment. First 18 months in Work Release[.]

- Count 2: 60 months intermediate punishment. First 18 months in Work Release, Concurrent to Count 1.

- Time credit of 10 months and 22 days.

On September 18, 2014, Appellant was revoked for a fourth time. At that hearing, docket 1973 CR 2014 was nolle prossed. His sentence was as follows:

- Docket 4392 CR 2010

    o Count 1: 12-24 months of state incarceration[.]
    o Count 2: 60 months of state probation; consecutive to Count 1[.]
    o Time credit for 23 months and 10 days towards Count 1.

- Docket 2135 CR 2013: 6 to 12 months state incarceration. Time Credit of 5 months 15 days, concurrent to the prior docket.

On [March[1]] 13, 2015, Appellant was revoked for a fifth time on this docket and also revoked on docket 2135 CR 2013. At that time, this Court[2] sentenced him as follows:

- Docket 2135 CR 2013 was discharged.

- At 4392 CR 2010:

    o Count 1: closed[.]

_____

[1] The cover sheet of the notes of testimony from Appellant's probation revocation and sentencing hearing is dated February 13, 2015. However, a review of the docket reveals that the hearing occurred on March 13, 2015. Additionally, the sentencing order, Appellant's post-sentence motion, and the Commonwealth's response to Appellant's post-sentence motion provide that sentencing occurred on March 13, 2015. Accordingly, we are satisfied that the hearing and sentencing occurred on March 13, 2015, and that the notes of testimony dated February 13, 2015, which the trial court cited, were dated incorrectly. Thus, we utilize March 13, 2015 as the date of the hearing and sentencing.

[2] While the trial court imposed a state sentence on September 18, 2014, the record reflects that the Pennsylvania Board of Probation and Parole ("PBPP") did not commence supervision of Appellant pursuant to its discretion to accept such cases under 37 Pa. Code § 65.1 (Board acceptance of cases). PBPP Form 325 - Request for Special Probation/Parole Supervision, 10/22/14, at 2; N.T., [3]/13/15, at 2. Thus, under these facts, supervision and authority to revoke probation was properly with the Dauphin County Court of Common Pleas.

o Count 2: 1 to 5 years of state incarceration[.]
o Time credit of 3 months and 29 days.

Appellant filed a post-sentence [motion] *nunc pro tunc* which was denied. He then filed a PCRA [petition seeking the] reinstatement of his post[-]sentencing and appellate rights which was granted on July 13, 2015. He filed another post[-]sentence motion and the Commonwealth filed a response. That post-sentence motion was denied on August 6, 2015. He filed a timely notice of [appeal] and was ordered to submit a [Pa.R.A.P.] 1925(b) statement of errors. He complied with that order on September 8, 2015.

Trial Court Opinion, 10/19/15, at 1-2.

On appeal, Appellant presents one issue for this Court's consideration:

Whether the trial court erred in denying Appellant's Post-Sentence Motion where his sentence is excessive and unreasonable and constitutes too severe a punishment in light of the gravity of the offense, what is necessary to protect the public, and Appellant's rehabilitative needs?

Appellant's Brief at 5 (underscoring omitted).

Appellant's claim of error is a challenge to the discretionary aspects of his sentence. An appellant seeking to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but rather, must petition this Court for permission. ***Commonwealth v. Kalichak,*** 943 A.2d 285, 289 (Pa. Super. 2008); 42 Pa.C.S. § 9781(b). However, before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis:

[W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence,

*see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)). ***See also*** Pa.R.Crim.P. 708, cmt. (discussing proper preservation of issues challenging discretionary aspects of a sentence imposed following a revocation hearing).

We note that Appellant has met the first three parts of the four-prong test: Appellant filed a timely appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we next assess whether Appellant has raised a substantial question.

A determination as to whether a substantial question exists is made on a case-by-case basis. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** at 912-913.

In his Rule 2119(f) statement, Appellant avers that the sentence is manifestly excessive and unreasonable constituting a punishment that was too severe. Appellant's Brief at 9. We conclude that Appellant has raised a

substantial question. *See Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question.") (citation omitted).

Our standard of review in cases involving challenges to the discretionary aspects of a sentence is well settled. We have explained that:

> [t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003).

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "Upon revocation of probation . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted).

- 6 -

However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c)[(1-3)].

*Commonwealth v. Colon,* 102 A.3d 1033, 1043-1044 (Pa. Super. 2014). Finally, this Court must show a high degree of deference to the trial court's sentencing determinations because the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citation omitted).

Here, the record reveals that Appellant, who was then twenty-three years old, initially was arrested for engaging in sexual contact with a thirteen-year-old girl. Complaint, 7/13/10; Trial Court Opinion, 10/19/15, at 3. As noted above, Appellant pled guilty and a sentence of probation was imposed. Trial Court Opinion, 10/19/15, at 1, 3. Since that time, Appellant has violated his probation by: testing positive for controlled substances; submitting false urine tests; possessing drugs; possessing drug paraphernalia; possessing pornography; failing to appear for a sex offender

- 7 -

evaluation; having contact with a sixteen-year-old girl; failing to maintain employment; failing to meet with his probation officer; being unsuccessfully discharged from a sex offender therapy program; being charged with theft and access device fraud; changing his address without permission; and failing to attend sex offender treatment. *Id*. at 3. Following the summary of Appellant's voluminous list of probation violations, the trial court succinctly stated:

> Appellant has been revoked five times. He has failed to follow through on sexual offender treatment. He has tested positive for multiple controlled substances. He has had sexual contact with a minor. Appellant clearly has not learned from his past behaviors and clearly is incapable of getting the drug and sexual offender treatment he needs while on probation.

Trial Court Opinion, 10/19/15, at 5.

After review, we discern no abuse of discretion in the sentence imposed. Appellant repeatedly chose to violate the terms of his probation and squander the myriad opportunities he had for rehabilitation. The instant sentence was necessary to vindicate the authority of the court as Appellant continued his pattern of defying the trial court's conditions of supervision. Nothing about the sentence imposed following Appellant's most recent probation violation strikes this Court as excessive or as an abuse of discretion. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2016